[Cite as *Sotomayor v. VanSickle*, 2026-Ohio-2483.]

STATE OF OHIO       )  
                          )ss:  
COUNTY OF WAYNE    )

                                IN THE COURT OF APPEALS  
                                NINTH JUDICIAL DISTRICT

ANGELIQUE SOTOMAYOR FKA  
TABITHA COSTA

     Petitioner

     v.

JUDGE TIMOTHY VANSICKLE

     Respondent

C.A. No. 26AP0013

ORIGINAL ACTION IN  
PROCEDENDO

Dated: June 30, 2026

---

PER CURIAM.

{¶1} Angelique Sotomayor petitioned this Court for a writ of procedendo to order the Wayne County Domestic Relations Court to proceed to judgment related to an ex parte modification of custody. Judge VanSickle has moved to dismiss. For the following reasons, the motion to dismiss is granted and the petition is dismissed.

{¶2} To obtain a writ of procedendo, Ms. Sotomayor must establish that she has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). Procedendo is the appropriate remedy when a judge has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. M.D. v. Kelsey*, 2022-Ohio-2556, ¶ 10. It is well-settled that procedendo will not "compel the

performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998).

{¶3} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7.

{¶4} According to the complaint, Ms. Sotomayor is the parent of a child who has been removed from her care through an ex parte magistrate's order modifying custody. The complaint maintains that two appeals were subsequently filed. One, which related to the ex parte order, was dismissed for lack of a final appealable order. The other, according to the complaint, relates to child support. According to the complaint, the trial court "has effectively imposed an indefinite deprivation of parental rights without adjudication." In Judge VanSickle's motion to dismiss, he argued Ms. Sotomayor's claim was moot because, on April 6, 2026, he entered judgment on the magistrate's decision, dismissed all motions filed between October 31, 2025, and December 22, 2025, and cancelled a hearing scheduled for April 9, 2026. According to Judge VanSickle, that judgment "constitutes the trial court's final disposition of the matters [Ms. Sotomayor] alleges were unresolved." Judge VanSickle argues that, as a result, there is no remaining judicial act that can be compelled through a writ of procedendo.

{¶5} This Court may consider evidence outside the petition to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to a review of Judge VanSickle's motion to dismiss, Ms. Sotomayor's response, and the trial court docket,

Judge VanSickle has "dismissed" pending motions, including the motion at issue in this case. In her response to the motion to dismiss, Ms. Sotomayor argued that her claim is not moot because "the parties have continued to litigate custody-related issues" and "[t]he trial court has also continued to exercise jurisdiction by issuing additional orders and managing the case docket. . . ." Her petition, however, sought to compel the trial court to resolve a single motion, and the trial court has done so. Ms. Sotomayor did not seek additional relief in procedendo, nor did she seek any relief that would prohibit the trial court from acting with respect to ongoing issues in the underlying case. Accordingly, Ms. Sotomayor's claim is moot.

{¶6} Presuming all of the facts in the complaint to be true, it appears beyond doubt that Ms. Sotomayor can prove no set of facts that would entitle her to a writ of procedendo. Judge VanSickle's motion to dismiss is granted, and this case is dismissed.

{¶7} Costs of this action are taxed to Ms. Sotomayor. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JESSICA A.L. CAMARGO, Attorney at Law, for Petitioner.

ANGELA POTH-WYPASEK, Prosecuting Attorney, and MICHAEL J. DEFIBAUGH, Assistant Prosecuting Attorney, for Respondent.